UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:15-cr-00041-JAW-02 |
| | ) | |
| TIFFANY SUTHERLAND | ) | |

**ORDER ON MOTION FOR RECOMMENDATION REGARDING LENGTH OF RRC PLACEMENT**

The Court grants an inmate's request that it recommend to the Bureau of Prisons that as she nears the end of her period of federal incarceration, she be allowed to spend from nine to twelve months assigned to a residential reentry center with the caveats (1) that the Court is unaware of anything in her dealings with the Court that would significantly militate against such a recommendation, (2) that the Court assumes the accuracy of the Defendant's stated accomplishments while in prison, (3) that the BOP itself has not been represented in this motion and the Court has no information as to its position, (4) that the BOP, not the Court, has the ultimate authority to designate an inmate, and (5) that beyond the individual circumstances presented here, this order reflects this Court's generally positive view of the efficacy of residential reentry centers in bridging the gap from a lengthy period of incarceration to the greater freedom of supervised release.

**I.    BACKGROUND**

On July 16, 2016, the Court sentenced Tiffany Sutherland to a term of incarceration of 54 months for her part in a conspiracy to distribute and possess with intent to distribute cocaine, heroin, and 28 grams or more of cocaine base, a violation

of 21 U.S.C. § 841(a)(1). *J.* (ECF No. 180). On November 30, 2017, the Court reduced her sentence to a term of incarceration of 51 months. *Am. J.* (ECF No. 198).

### A. Tiffany Sutherland's Motion

On April 23, 2018, Ms. Sutherland moved this Court to recommend to the United States Bureau of Prisons (BOP) that she receive nine to twelve months of Residential Reentry Center placement. *Mot. for Recommendation Regarding Length of RRC Placement* (ECF No. 200) (*Def.'s Mot.*). Ms. Sutherland's motion is largely a "fill-in-the-blanks" motion.[1]

Ms. Sutherland states that she has a current release date of February 19, 2019 and it is therefore vital that she be recommended for the reentry center as soon as possible. *Id.* at 2. She says that during her incarceration, she has maintained a clean record and has consistently worked as an orderly. *Id.* Conceding that the BOP has the ultimate authority to designate her to an RRC, she also observes that the BOP is required to consider any judicial recommendation. *Id.* She notes that she graduated from the Residential Drug Abuse Program (RDAP) on April 6, 2018 at Alderson Federal Prison Camp, but she states that she did not get a reduced sentence from her RDAP participation because of the gun enhancement. *Id.* at 4. Ms. Sutherland represents that her Unit Team is requesting that her halfway house date be fixed in September 2018. *Id.* at 3-4.

---

[1] Ms. Sutherland is currently housed at the Federal Prison Camp in Alderson, West Virginia. *Def.'s Mot.* Attach. 1 *Envelope*. On May 24, 2018, the Court received a similar motion from another female inmate also housed at the Federal Prison Camp in Alderson, West Virginia. *United States v. Darlene Ford*, Docket No. 1:12-cr-00163-JAW-4, *Mot. for Recommendation Regarding Length of RRC Placement*, Attach. 5 *Envelope* (ECF No. 493).

2

B.  **The Government's Response**

On May 11, 2018, the Government filed a pro forma response, taking no position on the motion. *Gov't Resp. to Def.'s Mot. for Recommendation Regarding Placement* at 1 (ECF No. 201). On May 15, 2018, the Government filed a supplemental response. *Gov't Second Resp. to Def.'s Mot. for Recommendation Regarding Placement* (ECF No. 202) (*Gov't's Second Resp.*).

The Government concurs with Ms. Sutherland that the BOP, not this Court, has the authority to determine her place of imprisonment. *Gov't's Second Resp.* at 2-3. The Government observes that the pre-release designation statute, 18 U.S.C. § 3624(c), provides that the BOP may exercise its discretion in assigning an inmate to prerelease custody and that any recommendation from this Court must be subject to the BOP's statutory discretion. *Id.* at 3. The Government points to other court decisions which have granted post-judgment motions similar to Ms. Sutherland's. *Id.* at 3-4 (citing caselaw). In the end, the Government leaves the decision as to whether to make a recommendation to the sound discretion of the Court. *Id.* at 4.

II. **DISCUSSION**

The United States Supreme Court has written that Congress has given the BOP "plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment.'" *Tapia v. United States*, 141 S. Ct. 2382, 2390 (2011) (quoting 18 U.S.C. § 3621(b)). Federal law permits a court to make a recommendation to the BOP, "[b]ut decisionmaking authority rests with the BOP." *Id.* at 2390-91. The applicable statutory provision is 18 U.S.C. § 3624(c)(1):

> [The BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

Federal law also provides that a sentencing court may make a recommendation that a prisoner serve a term of imprisonment in a residential reentry center. 18 U.S.C. § 3621(b). But the recommendation has no binding effect. *Id.*

Some sentencing courts have issued orders recommending release into a residential reentry center. *United States v. Hoskins*, No. 3:01-cr-00266, 2018 U.S. Dist. LEXIS 56466 (M.D. Pa. Apr. 3, 2018); *United States v. Bhamani*, No. 2:10-cr-00327-TLN, 2017 UL 2992455, 2017 U.S. Dist. LEXIS 109902 (E.D. Cal. Jul. 13, 2017); *United States v. Brattin*, No. 2:13-cr-0161-JAD-CWD-1, 2016 WL 4467897, 2016 U.S. Dist. LEXIS 112222, (D. Nev. Aug. 23, 2016); *United States v. Bartels*, No. 12-cr-20072, 2016 WL 6956796, 2016 U.S. Dist. LEXIS 164056 (E.D. Mich. Nov. 29, 2016); *United States v. Baker*, No. 3:01-cr-94-01-MHT, 2013 WL 355867, 2013 U.S. Dist. LEXIS 11418 (M.D. Ala. Jan. 29, 2013); *United States v. Qadri*, No. CR-06-00469-LEK, 2017 WL 1011663, 2017 U.S. Dist. LEXIS 38716 (D. Haw. Mar. 15, 2017). These courts have typically emphasized the defendant's post-sentencing rehabilitation, the criminal record, and any recommendations from BOP personnel.

Other sentencing courts have denied similar motions. *United States v. Perry*. No. 2:13-cr-0049-TLN, 2017 U.S. Dist. LEXIS 65226 (E.D. Cal. Apr. 27, 2017); *United States v. Anderson*, No. 10-20437-CR-JEM, 2012 WL 5530271, 2012 U.S. Dist. LEXIS 195841 (S.D. Fla. Aug. 1, 2012); *United States v. Landers*, No. 6:09-cr-0893-JMC,

2013 WL 5530271, 2013 U.S. Dist. LEXIS 144450 (D.S.C. Oct. 7, 2013). Often the denials are based on the sentencing court's deference to the BOP's superior legal and factual position to make this decision, on a lack of corroborating information, and on the timing of the motion, such as a motion made too early in an inmate's sentence to predict his status at the end of incarceration. *See e.g.*, *United States v. Hoskins*, No. 3:01-cr-00266, 2018 U.S. Dist. LEXIS 14474 at *6 (M.D. Pa. Jan. 30, 2018). On November 18, 2011, Judge Hornby of this District denied a similar request, concluding that there was "no reason to distinguish [the defendant] from other inmates whom the [BOP] must assign in accordance with the criteria Congress has given it." *United States v. Smith*, No. 2:10-cr-00154-JDL, *Order on Def.'s Mot. for Judicial Recommendation to BOP* at 1 (ECF No. 34).

In this case, the Court makes four observations. First, although Ms. Sutherland was a Criminal History Category IV at the time of her sentencing, her criminal record reflected her long struggle with addiction. Also, even though she received a firearms enhancement at the time of her sentencing, there was no evidence of her actual use of the firearm. Other than these two factors, there is nothing in Ms. Sutherland's background or crime that would contradict her assertion that she would benefit from a longer term at a residential reentry center. Her history of addiction suggests that she would benefit from an interim period where drug abuse treatment would be available and where there will be constraints on her freedom.

Second, consistent with congressional policy expressed in the Second Chance Act, the Court is of the view that inmates, particularly those like Ms. Sutherland who

have served a significant term in federal custody, almost always benefit from placement in a residential reentry center in order to make a smooth transition from incarceration to supervised release.

Third, the Court sentenced Ms. Sutherland on July 11, 2016 and it has not received any further information from the BOP about how she has fared while in federal custody. The Court assumes the truth of what Ms. Sutherland has represented she has done while in prison and commends her, but the BOP has not explained what its position is regarding her release to a residential reentry center. It seems obvious that the BOP, which has maintained custody of Ms. Sutherland over the last two years, is in a much better position to evaluate her request than this Court, which last dealt with Ms. Sutherland about two years ago.

Finally the Court is unaware of whether a residential reentry center has a place for Ms. Sutherland, whether the Court's recommendation would displace another equally deserving inmate waiting in line for placement, and the BOP's range of other considerations, which necessarily involve the allocation of limited resources. Thus for reasons both statutory and practical, the Court expressly defers to the BOP in responding to the Court's recommendation.

### III. CONCLUSION

The Court GRANTS Tiffany Sutherland's Motion for Recommendation Regarding Length of RRC Placement (ECF No. 200) and recommends to the BOP that, if possible, Tiffany Sutherland be allowed to serve nine to twelve months in a residential reentry center, with the express understanding that this order reflects the Court's positive view of the benefits of residential reentry centers in general, that

there are no reasons in her dealings directly with the Court that she should not be released as early as possible to a residential reentry center, that the order is a recommendation to the BOP, which the BOP may consider along with other factors, and that the BOP, which has had custody of Ms. Sutherland since July 2016, is in a better position to make a final determination on the issue.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of June, 2018